# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1295V
Filed: September 5, 2018
UNPUBLISHED

| | |
|---|---|
| PAMELA M. SHAFFER,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Stephen S. Crandall, Crandall & Pera Law, LLC, Chargrin Falls, OH,* for petitioner.
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 20, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a September 30, 2016 influenza vaccination. Petition at 1. On June 14, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer.  (ECF No. 28).

On July 26, 2018, petitioner filed a motion for attorneys' fees and costs.  (ECF No. 33).   Petitioner requests attorneys' fees in the amount of $29,787.70 and attorneys' costs in the amount of $1,246.54.  *Id.* at 1.  In compliance with General Order #9,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. (ECF No. 32).  Thus, the total amount requested is $31,034.24.

On July 27, 2018, respondent filed a response to petitioner's motion.  (ECF No. 34).   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**I. Legal Standard**

The Federal Circuit endorses the lodestar approach to determine reasonable attorneys' fees and costs.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Under the lodestar approach, a court makes "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  After this initial calculation, the court "may then make an upward or downward departure to the fee award based on other specific findings."  *Id.* at 1348.

The reasonableness standard applies both to attorneys' fees and costs.  *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 315 (2008).  The application must provide sufficient detail and explanation of the time billed so that a special master may adjudge the reasonableness of the amount requested.  *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mstr. July 27, 2009).  It is the petitioner who bears the burden of adequately documenting the fees and costs. *Rodriguez*, 2009 WL 2568468, at *8.

Special masters need not conduct a line-by-line evaluation of a petitioner's fee application to determine a reasonable number of hours expended.  *Wasson v. Sec'y of Health & Human Sevs.*, 24 Cl.Ct. 482, 484, *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993); *Nelson v. Sec'y of Health & Human Servs.*, No. 14-70V, 2015 WL 9302973 at *2 (Fed. Cl. Spec. Mstr. Nov. 30, 2015) ("It is within the special master's discretion to reduce the number of hours by a percentage of the amount charged, rather than making

a line-by-line determination regarding the reasonableness of the charges"). Special masters have discretion to discern whether any of the requested hours are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (internal quotations and citations omitted). In contemplating reductions, special masters have the latitude to "consider their prior experience in reviewing fee applications and even dealings with the specific attorney involved." *Savin*, 85 Fed. Cl. at 315. It is further within the purview of special masters to reduce a fee request *sua sponte*, apart from or in the absence of respondent's objections, and without providing petitioner notice or opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009); *Estate of Bondi by Shoemaker v. Sec'y of Health & Human Servs.*, No. 12-476V, 2017 WL 1046526 at *2 (Fed. Cl. Spec. Mstr. Feb. 23, 2017).

## II. Hourly Rates

### A. Stephen Crandall

Petitioner requests compensation for Attorney Stephen Crandall at a rate of $439 per hour for time billed through 2018.[3] (ECF No. 33-2 at 1). Mr. Crandall's affidavit states he was "admitted to practice law in Ohio in 1994." (ECF No. 33-1 at 1). This places him in the range of attorneys with 20-30 years' experience based on the Court's Attorneys' Hourly Rate Fee Schedule.[4] The requested rates for 2017 and 2018 exceeds the range for attorneys with 20-30 years' experience. Under the Court's Fee Schedule, an attorney in this experience range is entitled to hourly rates between $358 - $424 for work performed in 2017 and $370 - $439 for work performed in 2018. The undersigned finds the requested rates excessive based on his overall legal experience, the quality of work performed, his experience in the Vaccine Program, and his reputation in the legal community and the community at large. *See McCulloch,* 2015 WL 5634323 at *17 (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Based on Mr. Crandall's inexperience in the Vaccine Program[5], the undersigned reduces Mr.

---

[3] Mr. Crandall billed 26.2 hours in 2017 and 15.8 hours in 2018.

[4] The Fee Schedule for 2015 - 2018 can be accessed at http://www.cofc.uscourts.gov/node/2914

[5] This is Mr. Crandall's first case in the Vaccine Program.

3

Crandall's hourly rates to the following: $365 an hour for 2017, and $380 an hour for 2018.[6] Therefore, the request for attorneys' fees is **reduced by $2,871.00**.[7]

### B. Camille Harlan

The undersigned finds a reduction of requested hourly rates appropriate for attorney Camille Harlan. Ms. Harlan billed at the rate of $439 per hour, exceeding her range of experience for attorneys with 20-30 years' experience based on the Court's Attorneys' Hourly Rate Fee Schedule. In the affidavit of Stephen Crandall that was filed with petitioner's motion, Ms. Harlan had become "a registered nurse in 1981." (ECF No. 33-1 at 2). Ms. Harlan continued her education by graduating law school in 1994, passing the Ohio bar the same year and "has been "actively practicing law since." *Id.* at 2. Given Ms. Harlan's inexperience in the Vaccine Program[8] and her years of experience, the undersigned reduces Mr. Harlan's rate to $365 per hour for work performed in 2017, based on the *McCulloch* factors. This results in a **reduction of $222.00**.[9]

### C. Bobbie Flynt

The undersigned finds a reduction of requested hourly rates appropriate for attorney Bobbie Flynt. Ms. Flynt billed at the rate of $439 per hour, exceeding her range of experience for attorneys with 20-30 years' experience based on the Court's Attorneys' Hourly Rate Fee Schedule. In the affidavit of Stephen Crandall, Ms. Flynt is listed has having graduation from law school in 1996 and passing the Ohio bar the same year. *Id.* at 2. Given Ms. Flynt's inexperience in the Vaccine Program[10] and her years of experience, the undersigned finds it necessary to reduce Ms. Flynt's hourly rate and awards $365 per hour for work performed in 2017 and $370 per hour for work performed in 2018 based on the *McCulloch* factors. This results in a **reduction of $1,326.90**.[11]

---

[6] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules for 2015-2016 and 2017 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914. The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules. *See also McCulloch v. Sec'y Health & Human Servs.*, 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[7] This amount consists of ($439 - $365 = $74 x 26.2hrs = $1,938.80) + ($439 - $380 = $59 x 15.8 hrs = $932.20) = $2,871.00.

[8] This is Ms. Harlan's first case in the Vaccine Program.

[9] This amount consists of $439 - $365 = $74 x 3 = $222.00.

[10] This is Ms. Flynt's first case in the Vaccine Program.

[11] This amount consists of ($439 - $365 = $81 x 11.1hrs = $899.10) + ($439 - $370 = $69 x 6.2hrs = $427.80) = $1,326.90.

4

D. Susan Atzemis

The undersigned also finds it necessary to reduce the requested rates for the paralegals. Susan Atzemis billed at the hourly rate of $153 for all work performed throughout the case. Under the Court's Fee Schedule, a paralegal is entitled to hourly rates between $128 - $148 for work performed in 2017 and $132 -$153 for work performed in 2018. In the affidavit of Stephen Crandall, it states that Ms. Atzemis is a "nurse/paralegal" with a Bachelor of Science in Nursing. *Id.* at 2. Given that Ms. Atzemis has a nursing degree and education as a paralegal, the undersigned reduces the requested rate to $148 per hour for work performed in 2017 and $153 an hour for work performed in 2018. This reduces **the request for fees by $30.00.**[12]

E. Leanne Melnick

Leanne Melnick billed at the hourly rate of $153 for all work performed throughout the case. As with Ms. Atzemis, the requested rate exceeds the Court's Attorneys' Hourly Rate Fee Schedule for paralegal time billed in 2017 and 2018. In the affidavit of Stephen Crandall, he states that Ms. Melnick is an experienced paralegal with over 17 years of experience in civil litigation, including medical malpractice and personal injury. *Id.* at 3. The undersigned reduces the requested rate is reduced to $140 an hour for work performed in 2016 and 2017 which is more consistent with paralegals the Vaccine Program. This results in a **reduction of $107.90**.[13]

**III. Travel**

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.*

---

[12] Leanne Melnik billed a total of 8.3 hours in 2017 and 2018.This amount consists of ($153 - $148 = $5 x 6 hrs = $30.00).

[13] This amount consists of ($153 - $148 = $13 x 8.3 hrs = $107.90).

5

Attorneys Steve Crandall, Camille Harlan and Bobbie Flynt billed a total of 16.20 hours[14] listed as "Travel to and from Troy, OH for client meeting" (ECF No. 33-2 at 1-3). Travel occurred on January 20, 2017, April 21, 2017 and September 14, 2017. Petitioner will be awarded fees for travel at a reduction of 50 percent of each attorney's billed rate. This reduces Mr. Crandall's rate to $182.50 per hour, Ms. Harlan's rate to $182.50 per hour and Ms. Flynt's rate to $179 per hour. The request for attorney's fees is **reduced by $2,985.00**.[15]

### IV. Attorney Costs

Petitioner requests a total of $1,246.54 in attorney costs which includes charges for medical records, mileage, and shipping costs. The undersigned finds the overall amount of costs reasonable and awards them in full.

### V. Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** as follows:

**Attorney Fees:**

| | |
|---|---|
| Total Requested: | $ 29,787.70 |
| Less Rate Adjustment for Stephen Crandall: | ($ 2,871.00) |
| Less Rate Adjustment for Camille Harlan: | ($    222.00) |
| Less Rate Adjustment for Bobbie Flynt | ($ 1,326.90) |
| Less Rate Adjustment for Susan Atzemis: | ($      30.00) |
| Less Rate Adjustment for Leanne Melnik: | ($    107.90) |
| Less Travel Time: | ($ 2,985.00) |
| Petitioners Costs Awarded: | + $ 1,246.54 |
| **Total Attorney's Fees and Costs Awarded:** | **$23,491.44** |

---

[14] Steve Crandall billed 7.5 hours of time as travel, Camille Harlan billed 1.5 hours of time as travel and Bobbie Flynt billed 7.5 hours as travel.

[15] This amount consists of 9 hours at the reduced rate of $365 and 7.5 hours at the reduced rate of $358 and reduced by 50%.

6

**Accordingly, the undersigned awards the total of $23,491.44[16] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Stephen S. Crandall.**

The clerk of the court shall enter judgment in accordance herewith.[17]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[16] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[17] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.